Violations: The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:
1.1: Failing to provide competent representation.
1.3: Failing to act with reasonable diligence and promptness.
1.4(a)(2): Failing to reasonably consult with a client about the means by which the client's objectives are to be accomplished.
1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.
1.4(a)(4): Failing to comply promptly with a client's reasonable requests for information.
5.3(b): Failing to make reasonable efforts to ensure that the conduct of a nonlawyer employee over whom the lawyer has direct supervisory authority is compatible *479 with the professional obligations of the lawyer.
5.5(a): Engaging in the unauthorized practice of law.
8.1(b): Failing to respond in a timely manner to the Commission's demands for information.
Discipline: The Court, having considered the submission of the parties, now approves the following agreed discipline.
For Respondent's professional misconduct, the Court suspends Respondent from the practice of law for a period of 180 days, beginning February 22, 2019, with 60 days actively served and the remainder stayed subject to completion of at least two years of probation with JLAP monitoring . The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include among other things:
(1) Respondent shall continue to comply with JLAP's prescribed course of treatment for the entirety of his probationary period.
(2) Respondent shall provide the Commission with an unlimited and irrevocable authorization and release form, to remain effective for the entirety of Respondent's probationary period, allowing JLAP to provide the Commission with information regarding Respondent's treatment and progress.
(3) If Respondent violates the terms of his probation, the stay of his suspension shall be vacated and the suspension shall be actively served without automatic reinstatement.
Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(16).
The costs of these three proceedings are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in these three cases is discharged.
All Justices concur.